IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

GLENN E. HURN,

                Petitioner,


      v.                               CASE NO. 04-3008-RDR

COLLEEN L. McGUIRE,

                Respondent.


## MEMORANDUM AND ORDER

This is a petition for writ of habeas corpus, 28 U.S.C. 2241, filed by an inmate of the United States Disciplinary Barracks, Fort Leavenworth, Kansas (USPL).  Petitioner was granted leave to proceed in forma pauperis and an order to show cause issued. Respondent filed an Answer and Return, petitioner filed a Traverse, respondent filed a Response to Traverse, and petitioner filed a Reply.  Having considered all the materials filed, the court makes the following findings and order.


## CLAIMS

In his Petition before this court, Hurn claims trial defense counsel was ineffective in that he failed to inform (Hurn) of his right to speedy trial and failed to make a speedy trial motion" based on violations of his speedy trial rights.  He also claims appellate defense counsel was deficient or ineffective due to his "failure to raise the issue of ineffective assistance of

counsel."

In support of his claims, Hurn alleges he was placed in pretrial confinement on July 10, 1996, and not arraigned until February 21, 1997.  He also alleges "a competent authority did not grant any delays to be excluded from speedy trial consideration" during this time.  He further states he was "found to be incompetent to stand trial on August 28, 1996, and "left in pretrial confinement to receive treatment until he became competent to stand trial."  He repeatedly states "trial defense counsel had a means of preserving the Petitioner's speedy trial rights under the Fifth Amendment right to due process protection, Article 10 of the UCMJ, and Rule 707, of the Manual for Courts-Martial" (RCM).   He maintains counsel should have argued that Hurn's right to speedy trial was violated because he was not tried until over 7 months after he was taken into pretrial confinement and he was held in confinement without being committed to the custody of the Attorney General.  Petitioner asserts he was "substantially prejudiced" by defense counsel's failure to make a speedy trial motion because "there was a reasonable probability" his charges "would have been dismissed with prejudice."


**SUMMARY OF FACTS AND PROCEDURAL HISTORY**

In 1997, Hurn was convicted by general court-martial of rape,

forcible sodomy, indecent acts, 4 specifications of assault consummated by a battery, and indecent assault, all involving a child under 16 years of age - his 14 year-old step daughter. He is serving a sentence of confinement for life.

In the Answer and Return, respondent shows that petitioner was tried by General Court-Martial during February, March and April, 1997. The convening authority approved the conviction and sentence as adjudged. On March 16, 1999, Hurn's first appellate counsel submitted a brief to the United States Navy-Marine Corps Court of Criminal Appeals (NMCCA) specifying assignments of error on appeal.[1] That court affirmed. See <u>United States v. Hurn</u>, 52 M.J. 629 (NMCCA 1999), 55 M.J. 446 (NMCCA 2001), and 58 M.J. 199 (NMCCA 2003).

On March 2, 2000, Hurn's second appellate counsel petitioned the United States Court of Appeals for the Armed Forces (CAAF) for review of the NMCCA's findings. His supplement to the

---

[1]      The issues were (1) improper peremptory challenge of sole non-Caucasian panel member, (2) not guilty due to mental disease, (3) sentence overly severe, (4) improper denial of mitigation expert, (5) staff judge advocate's failure to comment on his assertions of legal error in post-trial submissions, (6) improper instruction on personality disorder, (7) perjured testimony of government witnesses, (8) improper admission of Hurn's statement during sanity evaluation, (9) Article 16, UCMJ, is unconstitutional, (10) failure to instruct that depression was severe mental disease or defect, (11) sanity evaluation was inadequate, (12) illegal pretrial confinement, and (13) and cruel and unusual punishment. Errors (7) through (13) were submitted personally by Hurn pursuant to <u>United States v. Grostefon</u>, 12 M.J. 431 (CMA 1982). <u>Grostefon</u> requires appellate counsel to invite the attention of the court to points specified by an accused, even if considered frivolous. Supplemental <u>Grostefon</u> errors were presented: (14) unconstitutional revocation of good time credit by the USDB, and (15) prosecutorial misconduct.

petition raised 21 issues[2].  On June 16, 2000, Hurn moved to supplement his petition for review to the CAAF.  The motion, which was denied, raised 8 issues of ineffective assistance of counsel pursuant to Grostefon.  Respondent points out none of the issues raised in this motion dealt with ineffective assistance of counsel for failure to raise a speedy trial claim.  On January 17, 2003, petitioner's third appellate counsel assigned 4 new errors dealing with the peremptory challenge claim.  On April 23, 2003, the CAAF affirmed the NMCCA's decision.

## DISCUSSION

### Exhaustion of Military Remedies

Respondent answers that petitioner did not raise his speedy trial claims either at trial or on appeal.  He asserts that as a result, petitioner waived his right to litigate them in this habeas corpus action.  The record, including briefs filed in the

---

[2]    The issues raised before the CAAF included (1) improper peremptory challenge, (2) sentence overly severe, (3) improper denial of mitigation expert, (4) improper instruction on personality disorder, (4) evidence insufficient, (5) perjury of government witnesses, (6) improper admission of Hurn's statements during sanity evaluation, (7) Article 16, UCMJ, is unconstitutional, (8) sanity evaluation inadequate, (9) illegal pretrial confinement, (10) cruel and unusual punishment, and (11) prosecutorial misconduct.  Most of those raised before the CAAF but not the NMCCA involved the NMCCA's method of resolving the improper peremptory challenge claim.  Petitioner also complained to the CAAF of inconsistencies and omissions in the trial record, and that the court-martial verdict was unconstitutional because it was not required to be unanimous.  17 of these 21 issues were raised under Grostefon.  Questions concerning the NMCCA treatment of the peremptory challenge issue were raised by counsel and under Grostefon.  The CAAF initially remanded the case for a factfinding hearing regarding the prosecution's reasons for exercising its peremptory challenge against the only non-Caucasian officer on the court-martial panel.  The military judge entered a finding that the challenge was race-neutral.  The case was then returned to the CAAF.

military courts, support respondent's allegation that these claims were not presented to the military courts at trial or during direct appeals.  Respondent is correct that a prerequisite for review in federal civilian court is the showing that all available military remedies have been exhausted.  Khan v. Hart, 943 F.2d 1261, 1263 (10th Cir. 1991).  If an issue was not raised before the military courts, it is not open for review by the federal habeas court.  Watson v. McCotter, 782 F.2d 143, 145 (10th Cir. 1986).

Petitioner responds in his Traverse that while he did not raise these claims at trial or on direct appeal, he plainly presented them to the military courts by Petition for Extraordinary Relief in the Nature of a Writ of Habeas Corpus. He exhibits a copy of his military habeas petition which does allege the same facts and legal arguments presented in his Petition to this court.  Petitioner alleged that a competent authority did not grant any delays to be excluded from speedy trial consideration between the time of his initial incarceration and his arraignment.  He further alleged that his right to a speedy trial under RCM 707 was violated due to the Government's failure to comply with Article 76b of the UCMJ, which mandates commitment of the incompetent accused to the custody of the Attorney General.

Petitioner also exhibits a copy of the Order of the NMCCA

denying relief on his military habeas.  That court found no issue
of speedy trial was raised at trial.  They further found that
appellate counsel, and petitioner personally under <u>Grostefon</u>, had
raised numerous issues on direct appeal, none of which included
any legal theory of denial of speedy trial.  They determined Hurn
was raising for the first time, after final review by the
military appellate courts, an issue based on facts known to him
at the time of trial and throughout the appeals.  They concluded
petitioner had waived his claims, citing RCM 905(e), and had not
met his heavy burden of showing he was entitled to extraordinary
relief.  Traverse (Doc. 9), Attach. 2.  Petitioner appealed the
denial to the CAAF alleging the same claims.  The CAAF denied the
appeal stating: "On consideration of the writ-appeal petition, it
is . . . hereby denied."  Petitioner filed a motion for
reconsideration which was also denied.  This court is not
convinced from the foregoing facts that petitioner has shown full
exhaustion of military remedies at trial and on direct appeal at
the time they were available.  He has exhausted available post-
conviction remedies.

## FULL AND FAIR CONSIDERATION

    Respondent replies to the Traverse that the pleadings filed
by Hurn in his military habeas action were never served on the
United States.  However, respondent now acknowledges the military

courts were presented with and considered the issues raised in the instant Petition.  Respondent asserts the new defense that Hurn was provided full and fair review by the military courts. Respondent correctly cites relevant precedent which holds if an issue is brought before the military courts and disposed of, even summarily, the federal habeas court will find that the claim has been given full and fair consideration.  <u>Watson</u>, 782 F.2d at 145; <u>King v. Moseley</u>, 430 F.2d 732, 735 (10th Cir. 1970); <u>Kennedy v. Commandant, USDB</u>, 377 F.2d 339, 342 (10th Cir. 1967).

This court has thoroughly reviewed the portions of the record presented by the parties.  From that record, it is clear petitioner first raised the claims he asserts herein before military tribunals in his petition for extraordinary relief.  The court further finds that petitioner's claims were briefed to the military courts and considered and disposed of by them in those collateral proceedings.  This court concludes petitioner's claims were given full and fair consideration by the military courts. It follows that Hurn is not entitled to relief under 28 U.S.C. 2241.  The court remarks upon other reasons Hurn is not entitled to federal habeas corpus relief on his speedy trial claims.

**WAIVER OF CLAIMS**

The military courts have held that speedy trial issues may be waived if not asserted at trial.  <u>U.S. v. Arab</u>, 55 M.J. 508,

512 (ACCA 2001),*citing* <u>United States v. King</u>, 30 M.J. 59, 66 (CMA 1990).  Petitioner admits he did not make any pre-trial demand for immediate or speedy trial, or complain during trial or on direct appeal about the delay in trial caused by his medical treatment.  Just as in those cases in which a state prisoner has failed to exhaust or has procedurally defaulted his claim, a habeas petitioner who has failed to meet the military's procedural requirements for presenting his federal claims has deprived the military courts of an opportunity to address those claims under proper procedures in the first instance.  <u>Coleman v. Thompson</u>, 501 U.S. 722, 732 (1991); <u>Murray v. Carrier</u>, 477 U.S. 478, 488 (1986).  Petitioner's undisputed default serves as a clear procedural bar to consideration of his claims by this court unless Hurn can show both cause for failing to raise them and ensuing prejudice, or actual innocence.  <u>See</u> <u>Murray</u>, 477 U.S. at 488.

There is a clear statement in the NMCCA's order denying petitioner's military habeas that "no issue of speedy trial was raised at trial and it is thereby waived. . . ."  <u>U.S. v. Hurn</u>, NMCCA No. 9800200 (NMCCA Aug. 1, 2003).  The military court's holding that the issues were waived means petitioner is in military custody due to a judgment resting upon an independent and adequate ground within that court's jurisdiction.  <u>See</u> <u>Coleman</u>, 501 U.S. at 730.  This court cannot ignore the

military's legitimate reasons for confining its prisoner. <u>Id</u>. Otherwise, civilian habeas would offer military prisoners a means to undermine the military's interest in enforcing its laws. <u>See</u> <u>id</u>., at 731.

In an apparent effort to avoid procedural default, petitioner couches his arguments as trial and appellate defense counsels' ineffective assistance in failing to raise his speedy trial claims. However, Hurn cannot escape waiver by claiming ineffective assistance of counsel. <u>See</u> <u>Thompson</u>, 501 U.S. at 750. His ineffective assistance claims, based as they are upon his speedy trial claims, are also subject to the cause and prejudice test.

Hurn claims the "cause" for his default was defense counsel's incompetent failure to file a motion to dismiss on speedy trial grounds. However, petitioner also neglected to assert the claim as a <u>Grostefon</u> issue on appeal. It cannot be disputed that any factual predicates for a speedy trial claim were known at the time of Hurn's trial and direct appeals. The number of days elapsed between his confinement and trial had clearly been established. Therefore, the factual basis for a speedy trial claim was known to trial and appellate counsel. The legal basis for asserting a speedy trial claim is "hardly obscure." Thus, counsel or Hurn needed no information other than the record of the proceedings to assert this claim.

Hurn has alleged no "external impediment preventing [his] counsel from constructing or raising" his claims, Murray, 477 U.S. at 492.  He merely argues that this court must assume counsel was ineffective for failing to pursue such speedy trial claims.  However, as will be discussed later, this court is not at all convinced from the record that petitioner had a viable speedy trial claim.  Counsel's failure to pursue a claim that is not shown to be viable is not sufficient "cause."  Moreover, the "mere fact that counsel failed to recognize the factual or legal basis for a claim, or failed to raise the claim despite recognizing it, does not constitute cause for a procedural default."  Murray, 477 U.S. at 486.  "Attorney ignorance or inadvertence is not 'cause' because the attorney is the petitioner's agent when acting, or failing to act, in furtherance of the litigation, and the petitioner must 'bear the risk of attorney error'."  See Coleman, 501 U.S. at 753.  It appears most likely, given the factual predicates in the record and Hurn's representation by three appellate counsel all different from trial counsel, that his speedy trial claims simply did not have sufficient merit to be asserted by counsel.  The court concludes Hurn has not demonstrated "cause" justifying his failure to raise his claims at trial or on direct appeal.  Hurn also cannot show that he was prejudiced by his counsel's failure to pursue these claims, since they are not shown to be viable.

In the alternative to showing cause and prejudice, a petitioner must show that failure to review the federal habeas claim will result in a "miscarriage of justice."  "Generally, this exception will apply only in extraordinary cases, i.e., 'where a constitutional violation has probably resulted in the conviction of one who is actually innocent.' " Murray, 477 U.S. at 496.  "To show a fundamental miscarriage of justice, a petitioner must demonstrate that he is actually innocent of the crime . . . by presenting new evidence of innocence." see Schlup v. Delo, 513 U.S. 298, 316 (1995).  There is no evidence presented or even factual allegations suggesting Hurn is innocent of the offenses.  The military court's holding that Hurn waived his claims was reasonable and in accord with pertinent legal authority.

**Denial of Speedy Trial**

Respondent argues that even if the claims raised in the Petition are not considered waived, they are without substantive merit.  In support of this argument, respondent alleges that petitioner was placed in pretrial confinement on July 10, 1996. Respondent further alleges and the record shows that on August 2, 1996, petitioner's trial defense counsel requested "an inquiry into the mental capacity and/or mental responsibility of Corporal Hurn." A&R (Doc. 6), p. 13, Attachs. 14, 15.  On August 6, 1996,

defense counsel's request that the Article 32 Proceeding be continued to "await the results of an RCM 706 inquiry previously required by the defense was approved by the convening authority." The document in which the request was approved provides: "Delay from this request is excluded for speedy trial purposes." (Id. Attach 15). Respondent exhibits a copy of the Report from Hurn's competency hearing stating he was found not competent to stand trial, but was expected in approximately 2 to 3 months to "regain competency to stand trial following a course of psychotropic medications." Id. Petitioner was treated with an antidepressant "with his informed consent" and re-examined by a sanity board on January 30, 1997, at which time he was found competent to stand trial. Id., Attach. 17. On February 6, 1997, the Article 32 Investigation Report[3] was forwarded with a recommendation of trial by general court-martial. Id. Attach 18. Petitioner was arraigned on February 21, 1997, which respondent alleges tolled the speedy trial clock. A&R (Doc. 6), citing Attach 18 and RCM 707. Respondent asserts that even though the convening authority formally excluded only that period from petitioner's initial continuance request (August 6 to September 9), it was "apparent from the result of the first hearing, i.e., that petitioner was

_____

[3]     The investigating officer who signed the Report stated therein: The delay in this report being submitted was caused by the extensive treatment/evaluation which Cpl Hurn underwent over the last six months. This examination and subsequent report was crucial to my ability to make the necessary determinations on Cpl Hurn's fitness for trial. This report was submitted in the most expeditious manner possible." A&R (Doc. 6) Attach 18.

not competent, but could become so after treatment, that the subsequent delay until the re-examination, while petitioner was treated, was also excludable because petitioner requested the initial delay to determine competency." Respondent asserts that as a result, "petitioner was taken to trial within the parameters of RCM 707, which allows for excludable delay." A&R at 14.

Service members tried by courts-martial have a right to a speedy trial. In the military justice system[4], an accused's right to a speedy trial flows from various sources, including the Sixth Amendment[5], Article 10 of the UCMJ, and RCM 707 of the Manual for Courts-Martial. See United States v. Becker, 53 M.J. 229, 231 (CAAF 2000); United States v. Birge, 52 M.J. 209, 210 (CAAF 1999); United States v. Kossman, 38 M.J. 258 (CMA 1993); United States v. Vogan, 35 M.J. 32, 33 (CMA 1992). Whether an appellant received a speedy trial is an issue of law, reviewed by military appellate courts de novo. United States v. Doty, 51 M.J. 464, 465 (CAAF 1999).

Petitioner alleges a denial of his right to a speedy trial under R.C.M. 707, Article 10, UCMJ, and the Sixth Amendment. RCM 707, promulgated by the President, pertinently requires that a

_____

[4]     In the federal criminal justice system, defendants' speedy trial rights also emanate from the Sixth Amendment and from the Speedy Trial Act, 18 U.S.C. 3161-3174 (2002).

[5]     The Sixth Amendment provides in relevant part: "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial." U.S. Const. amend. VI. Superior military courts hold that the Sixth Amendment applies to courts-martial. Birge, 52 M.J. at 211.

person must be brought to trial within 120 days of . . . imposition of pretrial restraint. Birge, 52 M.J. at 210. A previous version of RCM 707 excluded time periods if they fell into specific categories. That rule was criticized by appellate courts because it was not clear what was properly considered a delay until the matter was raised in a motion to dismiss the charges. See United States v. Dies, 45 M.J. 376, 377-78 (CAAF 1996) (and cases cited therein). Under the current version, pretrial delays may be excluded if "approved by a military judge or the convening authority." RCM 707(c). The Discussion to RCM 707(c)(1) indicates that one reason to grant a delay might be "time to allow examination into the mental capacity of the accused." Petitioner specifically asserts that no authority in his case approved a delay for the purpose of his treatment. However, he makes no showing that the delay in his case was unreasonable or prejudicial and therefore unconstitutional. Even if petitioner could establish a technical violation of Rule 707, he presents no authority that he would be entitled to the have his convictions overturned, as he requests, under Section 2241.

Under Article 10, UCMJ, 10 U.S.C. 810, "[w]hen any person subject to this chapter is placed in arrest or confinement prior to trial, immediate steps shall be taken to . . . try him or to dismiss the charges." Under this speedy trial provision, the Government is required to exercise "reasonable diligence" in

bringing charges to trial. <u>Birge</u>, 52 M.J. at 211; <u>Kossman</u>, 38 M.J. at 262.  In <u>Birge</u>, the CAAF held that the "appropriate" analysis in determining whether Article 10 has been violated involves consideration of those factors in <u>Barker</u>, one of which is "prejudice to the defendant" resulting from the delay.  <u>Birge</u>, 52 M.J. at 212.  Pretrial confinement itself is not enough to show prejudice.

In <u>Barker</u>, the United States Supreme Court enumerated four factors to be considered in determining whether a particular defendant has been deprived of his right to a speedy trial under the Sixth Amendment: the length of delay, the reason for delay, the defendant's assertion of his right, and the prejudice to the defendant.  <u>Barker v. Wingo</u>, 407 U.S. 514, 530 (1972).  The Court more recently recognized that "pretrial delay is often both inevitable and wholly justifiable."  <u>Doggett v. United States</u>, 505 U.S. 647 (1992).

"The length of delay is given first consideration, and only when the length of delay is presumptively prejudicial should the court consider the remaining factors."  <u>Barker</u>, 407 U.S. at 530. A court will not entertain a constitutional speedy trial claim unless the interval before trial has "crossed the threshold dividing ordinary from 'presumptively prejudicial' delay." <u>Doggett</u>, 505 U.S. at 651-52 FN1, (noting that the lower courts have generally found delays approaching one year as warranting

further <u>Barker</u> inquiry); <u>see</u> <u>e.g.</u>, <u>Barker</u>, 407 U.S. at 533-36,(extraordinary delay of five years not violation, where prejudice was "minimal" and petitioner never asserted speedy trial rights); <u>Flowers v. Warden, CCI</u>, 853 F.2d 131, 133 (2d Cir.) (seventeen months not violation) (collecting cases where delays ranged from two years to five years), <u>cert</u>. <u>denied</u>, 488 U.S. 995 (1988).

In this case, petitioner was placed in pretrial confinement on July 10, 1996, and arraigned on February 21, 1997.  This delay of less than eight months between his confinement and trial, particularly in light of the express exclusion of some of this time for a competency inquiry and the reasonableness of time for voluntary treatment and a second inquiry, is not shown to be presumptively prejudicial.  <u>Cf.</u>, <u>U.S. v. Dirden</u>, 38 F.3d 1131, 1138 (10th Cir. 1994)(delay of seven and one-half months not "presumptively prejudicial")(and cases cited therein); <u>U.S. v. Kalady</u>, 941 F.2d 1090, 1095-96 (10th Cir. 1990) (court not convinced delay of eight months between indictment and guilty plea "presumptively prejudicial"); <u>U.S. v. Bagster</u>, 915 F.2d 607, 611 (10th Cir. 1990)(delay of 30 months did not violation constitutional right to speedy trial); <u>U.S. v. McFarland</u>, 116 F.3d 316, 318 (8th Cir.) <u>cert</u>. denied, 522 U.S. 961 (1997)(lapse of a little over seven months too brief to trigger review of speedy trial claim).

Furthermore, none of the other Barker factors weigh in Petitioner's favor. As to the reason for the delay, nothing in the record indicates a willful attempt by the Government to delay the trial. See Barker, 407 U.S. at 531. In addition, the record is devoid of any assertions by Hurn subsequent to his arrest that he was being deprived of his right to a speedy trial. See Barker, 407 U.S. at 532, ("[F]ailure to assert the right will make it difficult for a defendant to prove that he was denied a speedy trial."). Last, Petitioner points to no actual prejudice emanating from the alleged delay in his trial. The most serious concern here is whether the defense has been impaired in any way. While "affirmative proof of particularized prejudice is not essential to every speedy trial claim," Doggett, 505 U.S. at 655, the general presumption that delay compromises the reliability of a trial increases in importance with the length of the delay. Id. at 655. Here, with a delay of less than 8 months, the presumption is weak. See Vassell, 970 F.2d at 1165 FN 1 (suggesting an affirmative showing of prejudice is necessary in absence of extraordinary delay and government negligence). While being confined and undergoing treatment surely caused personal hardship, petitioner has not demonstrated any specific prejudice stemming from the delay. Arab, 55 M.J. at 513. He points to no "staling of evidence or dimming of witness memories" that impaired his ability to present a defense. The delay in Hurn's

17

trial was occasioned by his incompetence to stand trial, the determination of his incompetence and treatment to overcome this impediment to trial.  Accordingly, petitioner has not convinced this court that his right to a speedy trial was violated.

**INEFFECTIVE ASSISTANCE OF COUNSEL**

As discussed earlier herein, petitioner has not shown cause and prejudice for his waiver of this claim in the military courts.  Morever, petitioner's allegation that his trial counsel was ineffective for failing to make a pre-trial motion to dismiss based upon denial of speedy trial is without merit.

Well-established standards govern consideration of claims of ineffective assistance of counsel.  To prevail on such a claim, the petitioner must show (1) that counsel's conduct "fell below an objective standard of reasonableness" measured by "prevailing professional norms"; and (2) that "there is a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland v. Washington, 466 U.S. 688, 694 (1984).  In making the first assessment, attorneys are entitled to a strong presumption of competence.  Id. at 689.  The reasonableness of the attorney's actions must be judged to the extent possible without "the distorting effects of hindsight." Id.  Mere omission of a nonfrivolous argument, and actions or omissions that might be

regarded as "sound trial strategy" do not amount to ineffective assistance. Id. Finally, in evaluating the prejudice component of Strickland, a court must determine whether, absent counsel's deficient performance, there is a reasonable probability that the outcome of the proceeding would have been different.

Petitioner has utterly failed to allege facts showing deficient performance by trial counsel. Petitioner was represented by counsel at trial and by numerous different counsel on appeal. Defense counsel's performance at petitioner's trial was not found to be incompetent when petitioner challenged it on entirely different grounds in the military courts. Since the delay in bringing Hurn to trial has not been established as "presumptively prejudicial," it can hardly be said that trial counsel's failure to take action with respect to Hurn's speedy trial rights fell outside the "wide range of reasonable professional assistance." Strickland, 466 U.S. at 689; see Vassell, 970 F.2d at 1164.

Even assuming that trial and appellate counsels' failure to raise a speedy trial claim constituted sufficient "unprofessional error," Hurn has failed to establish prejudice. It certainly cannot be said that "but for" counsels' failure to raise a speedy trial claim, Hurn would have been successful in overturning his conviction. Instead, as the foregoing review of the factors set forth in Barker indicates, any speedy trial motion brought by

Petitioner's trial counsel would most likely have been unsuccessful.

Petitioner's speedy trial claims, although not raised by his trial counsel, were raised and rejected on military habeas. In sum, petitioner was not prejudiced by his trial attorney's failure to bring a claim lacking in merit.

This same logic applies to petitioner's second claim of ineffectiveness--that his appellate attorneys failed to advise him that he could claim trial counsel was ineffective for failing to pursue a denial of speedy trial claim. Petitioner was represented by three new counsel at various times on his appeal and does not rely upon any evidence outside the record to support his arguments. The failure to raise a speedy trial claim on appeal was clearly not unreasonable or prejudicial as it would have been devoid of merit for the reasons already explained herein. U.S. v. Clingman, 288 F.3d 1183, 1187 (10th Cir. 2002).

Respondent also correctly points out that petitioner offers no support whatsoever for his assertion that the NMCCA and CAAF "did not apply or follow the proper legal standard" while assessing his claims.

Because petitioner's claims were fully and fairly considered by the military courts and for all the foregoing reasons, the court finds that petitioner is not entitled to federal habeas corpus relief.

IT IS THEREFORE BY THE COURT ORDERED that this action is dismissed and all relief denied.

DATED:  This 6th day of May, 2005, at Topeka, Kansas.


s/RICHARD D. ROGERS
United States District Judge